**PPG INDUSTRIES, INC., Plaintiff,**

v.

**UNITED STATES, Malcolm T. Baldrige, Secretary of Commerce, Lionel H. Olmer, Under Secretary For International Trade, Department of Commerce, Defendants.**

Court No. 81–6–00733.

United States Court of International Trade.

Sept. 28, 1981.

Eugene L. Stewart, Washington, D. C. (Paul W. Jameson and Jeffrey S. Beckington, Washington, D. C., on the brief), for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., David M. Cohen, Director, Commercial Litigation Branch, New York City (Francis J. Sailer, Washington, D. C., on the briefs), for defendants.

RAO, Judge:

This case involves the periodic review of an antidumping duty order on glass from Taiwan pursuant to section 751 of the Tariff Act of 1930, as amended by the Trade

---

Agreements Act of 1979, P.L. 96–39, 93 Stat. 144 (19 U.S.C. § 1675). The new antidumping duty provisions require that the Department of Commerce (hereinafter Commerce) conduct a periodic review, at least once during each calendar year, of previously issued antidumping orders in order to ascertain the amount of antidumping duties which should be assessed against relevant imports in the previous year and to establish the basis on which estimated deposits of antidumping duties will be collected during the ensuing year.

Commerce is required by the provisions of 19 U.S.C. § 1675(d) when it conducts an annual review, on the request of an interested party, to hold a hearing in accordance with 19 U.S.C. § 1677c(b), which requires notice in the Federal Register and a transcript which shall be made available to the public.

Commerce has promulgated regulations which provide that "[a] disclosure may be made, generally about 30 days prior to the date of the redetermination is due for publication, on request by interested parties * * to the proceeding, * * * at which time written and oral views may be presented. *See* 19 C.F.R. § 353.53(d), 45 Fed.Reg. 8182, 8205 (1980).

Plaintiff requested a disclosure conference on May 11, 1981. It was subsequently informed by the International Trade Administration (hereinafter ITA) officer handling the case that a disclosure conference in this case was not necessary since there had been no shipments of clear sheet glass from Taiwan for the period of July 1, 1979 through July 31, 1980, and the cash deposit margins preliminarily determined were arrived at based on the figures in the master list compiled by the Treasury Department for the period of July 1, 1974 to June 30, 1976.

Plaintiff's counsel renewed plaintiff's requests for a disclosure conference which were formally denied on May 19, 1981. On June 8, 1981, plaintiff filed a summons and complaint in this court requesting that a writ of mandamus be issued to compel the ITA to hold a disclosure conference as re-quested and also filed a motion for an order to show cause, a motion for a preliminary injunction, and a motion to shorten the time for defendants to answer the complaint. On June 19, 1981 defendants filed their opposition to plaintiff's motion for a preliminary injunction and a cross-motion to dismiss the complaint for failure to state a cause of action.

On July 6, 1981, Judge Landis denied plaintiff's motion for a preliminary injunction and plaintiff's motion to shorten defendants' time to answer to complaint, but continued the motion to dismiss. *See* 1 CIT—, Slip Op. 81–59 (July 6, 1981). Plaintiff's opposition to defendants' cross-motion to dismiss was filed on July 23, 1981 and defendants' reply thereto was filed on August 6, 1981.

## I.

It is plaintiff's contention that this court has jurisdiction to require the ITA to hold the requested disclosure conference pursuant to 28 U.S.C. § 1581(i) which confers subject matter jurisdiction of any civil action commenced against the United States or its agencies arising from any law of the United States dealing with imports in this court. Additionally, plaintiff asserts that mandamus is an appropriate remedy to require the ITA to hold the requested disclosure conference as "final agency action," otherwise the ITA will continue to make its determination without ever having given plaintiff its requested disclosure.

Defendants claim that Commerce's decision on whether to grant disclosure is discretionary in that the regulations are not mandatory, but merely permissive; that the decision is a procedural consideration and that ITA's negative response to plaintiff's request is reviewable, if at all, in conjunction with review of its final determination as to the antidumping duties imposed or proposed in its annual review.

We agree that Commerce's decision was an interlocutory procedural decision reviewable under a section 516A review of the final results of the section 751 administrative review and should not be reviewed by this court at this time. A determination,

other than those reviewable under 19 U.S.C. § 1516a(a)(1) by the administering authority under section 1675 for a twelve month periodic review of an antidumping duty order is reviewable under 19 U.S.C. § 1516a(a)(2). All administrative or procedural actions taken by Commerce in the course of that review are interlocutory in nature. In the interests of efficient and expedient agency action, all matters having to do with the final determination should be reviewed at the same time, and not in a piecemeal fashion.

It may well be that plaintiff will find the determinations of the ITA with respect to the annual review satisfactory for the protection of its interests. In that event, Commerce's refusal to grant a disclosure conference would be, at most, error without injury. If, on the other hand, plaintiff appeals Commerce's determination with respect to the annual review to this court, that is the proper time to review all procedural and interlocutory decisions made with respect to that annual review.

The legislative history of the Customs Courts Act of 1980 lends support to this holding. Report No. 96–1235 of the House Committee on the Judiciary on H.R. 7540, 96th Cong., 2d Sess. (1980) states in part:

The Committee intends that any determination specified in section 516A of the Tariff Act of 1930, or any preliminary administrative action which, in the course of proceeding, will be, directly or by implication, incorporated in or superceded by any such determination, is reviewable exclusively as provided in section 516A * * *.

Thus, while Congress contemplated that there would be some civil actions relating to an antidumping duty proceeding which could be heard pursuant to 28 U.S.C. § 1581(i), it intended that this section should not be used to permit the appeal of a procedural determination, but rather, that all procedural considerations should be decided by this court when the final agency determination is made.

## II.

Mandamus is an inappropriate remedy in this case. In *Canadian Tarpoly Co. v.*
*U. S. International Trade Commission*, 640 F.2d 1322, 1325 (1981), the Court of Customs and Patent Appeals reviewed the use of mandamus, stating:

Mandamus is an extraordinary remedy, available only in extraordinary circumstances and when no meaningful alternatives are available [Citations omitted] * * [A] court's power to issue a mandamus under the All Writs Act (28 U.S.C. § 1651(a)) is limited to situations in which such action is necessary or appropriate in aid of its jurisdiction.

Mandamus is inappropriate in the instant case as the cause of action which plaintiff attempts to bring is premature.

Additionally, there are meaningful alternative legal remedies which will be available here. If plaintiff feels adversely affected by the final determination in the final review, plaintiff can appeal to this court. It is well established that the extraordinary writ of mandamus cannot be used as a substitute for appeals. *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953).

It is therefore ordered and adjudged that defendants' motion to dismiss the complaint is granted, and

Plaintiff's motion for a writ of mandamus is denied.