ROQUETTE FRERES AND ROQUETTE, CORPORATION, PLAINTIFFS, *v.* UNITED STATES, DEFENDANT, and PFIZER INC., INTERVENOR

Court No. 82-5-00636

Before BOE, *Judge.*

MEMORANDUM AND ORDER

(Dated September 15, 1982)

*Wald, Harkrader & Ross (Joel E. Hoffman, Terence Roche Murphy* and *Helen Kemp Zax,* of counsel) for the plaintiffs.

*J. Paul McGrath,* Assistant Attorney General *(David M. Cohen,* Director, Commercial Litigation Branch and *A. David Lafer)* for the defendant.

*Freeman, Wasserman & Schneider (Jack Gumpert Wasserman,* of counsel) for the Intervenor.

BOE, *Judge:* Pursuant to rule 12(f) of the rules of this court, Pfizer Inc., Intervenor, has moved to strike paragraph 8(b) of plaintiffs' complaint wherein it is alleged that the refusal by the International Trade Administration (ITA) to grant plaintiffs' requested postponement of the final affirmative determination in the antidumping proceedings precluded full consideration by the ITA of two diplomatic notes submitted by the French government on matters relating to the system of imported levies and export restitution payments.

The present motion of the intervenor seeks to strike paragraph 8(b) of plaintiffs' complaint as "illusory" and immaterial.

The refusal by the ITA to postpone its final affirmative determination was not subject to any interlocutory review. To the extent, therefore, that any decisions made by the ITA during the administrative proceedings may have affected the final affirmative determination, such preliminary decisions are properly included and incorporated in the review of the final affirmative determination. *See* 19 U.S.C. § 1516(a)(2)(A); H. Rep. No. 96–1235, 96th Cong., 2d Sess. at 48 (1980); *PPG Industries, Inc.* v. *United States,* 2 CIT 110, 525 F. Supp. 883 (1981).

The merits of the allegations contained in paragraph 8(b) of plaintiffs' complaint are not properly before the court at this time. To prematurely judge the merits of plaintiffs' claim as asserted by paragraph 8(b) of its complaint, by striking the same, would deprive the plaintiffs of its only opportunity to challenge a preliminary decision made during the antidumping proceeding which may or may not have wrongfully affected the final determination.

Accordingly, the motion of the Intervenor, Pfizer Inc., to strike paragraph 8(b) of plaintiffs' complaint, is hereby denied.