**KRUPP STAHL AG, Plaintiff,**

v.

**UNITED STATES, et al., Defendants,**

**and**

**Allegheny Ludlum Steel Corp., et al., Defendants-Intervenors.**

**Court No. 82–12–01615.**

United States Court of International Trade.

Dec. 13, 1982.

Coudert Bros., New York City (Milo G. Coerper, Mark D. Herlach, Washington, D.C., and James R. Breckenridge, New York City, of counsel), for plaintiff Krupp Stahl AG.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Branch Director, Commercial Litigation Branch (Velta A. Melbrencis, Civil Div., Commercial Litigation Branch and Robert Seely, Staff Atty., Office of Gen. Counsel, Import Admn., U.S. Department of Commerce, Washington, D.C.), for federal defendants.

Collier, Shannon, Rill & Scott, David A. Hartquist, Washington, D.C., Paul C. Rosenthal, San Francisco, Cal., and David L. Dick, San Diego, Cal., for defendant-inter-

venors Allegheny Ludlum Steel Corp., Armco Inc., Carpenter Technology Corp., Colt Industries, Inc., Crucible Materials Group, Eastern Stainless Steel Co., Guterl Special Steel Corp., Jessop Steel Co., Jones & Laughlin Steel Inc., Republic Steel Corp., Universal-Cyclops Specialty Steel Division, Cyclops Corp., Washington Steel Corp. and the United Steelworkers of America.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge:

Plaintiff, Krupp Stahl AG (Krupp) complains that its responses to questionnaires have not been considered by the International Trade Administration of the Department of Commerce (ITA), in reaching the preliminary determination under 19 U.S.C. § 1673a(c)(2) of whether certain stainless steel products from the Federal Republic of Germany were being sold here at less than fair value.

The action falls within the residual jurisdiction of this Court under 28 U.S.C. § 1581(i) but plaintiff's Constitutional due process claim and its claim of error in the agency action have not reached the point where it is appropriate for the Court to exercise its jurisdiction over the dispute. This conclusion is reached on the basis of prevailing principles of administrative law, applied as a complement to the specific reviews done by this Court in the area of the administration of the tariff laws.

The ITA preliminary determination, a copy of which was attached to plaintiff's complaint, states in essence that Krupp's data was not furnished in sufficient time to allow analysis prior to the preliminary determination. The estimated margins of dumping which were arrived at were based on the allegations in the petition, which the ITA considered to be the best information available under section 776(b) of the Tariff Act of 1930 (19 U.S.C. § 1677e(b)). The ITA further stated that the Krupp information was being reviewed for possible use in the final determination and could substantially change the margins calculated in the preliminary determination.

On December 1, 1982 the Court issued an order temporarily restraining the publication of the preliminary determination and setting a hearing for December 9, 1982 on plaintiff's motion for a preliminary injunction. Essentially, Krupp seeks to force the ITA to consider the information before it makes a preliminary determination.

■ Prior to the hearing on injunctive relief, the Court received a responsive memorandum of law from the federal defendants, together with their motion to dismiss. An application for intervention as defendants was also received from a number of domestic parties together with their motion to dismiss and supporting memorandum. The Court also received a supplemental memorandum from plaintiff. The Court granted the application for intervention and oral argument was heard on all pending matters on December 9, 1982.

As a result, the Court has decided that the dispute presented by plaintiff is not ripe for adjudication within the standards of the Administrative Procedure Act 5 U.S.C. § 551 *et seq.* In the terms of 5 U.S.C. § 704, the administrative decision lacks finality, and the administrative process offers remedies which have not been exhausted. In terms of the case law, the consequences of the agency action have not been shown to create such hardships as would make the need for finality merely technical or the exhaustion of remedies futile.

The receipt and consideration of information is part of the process of arriving at a preliminary determination. In this statutory scheme, the preliminary determination that sales have been made at less than fair value is followed by further investigation leading to a final determination which is judicially reviewable under 19 U.S.C. § 1516(a)(2)(B). The principal consequences of the decision not to consider Krupp's information were the reaching of a preliminary determination that contained margins of dumping derived from the petition. When published this will create the necessity of depositing estimated dumping duties on subsequent entries of Krupp's affected products.

So far as can be seen in the present circumstances, the deposit of estimated duties will not cause a hardship of the type which justifies judicial intrusion into an ongoing administrative investigation. (*Bethlehem Steel Corp. v. E.P.A.*, 669 F.2d 903 (3d Cir.1982). The effect on plaintiff is closer to the normal consequences of involvement in these investigations. Cf. *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980). This does not rule out the possibility that administrative actions taken in the course of the administration of the antidumping and countervailing duty laws may cause such hardships as would justify judicial review. In that event the ripeness would be generated by the hardship and the requirements of finality and exhaustion could be elided. *Bethlehem Steel Corp. v. E.P.A., supra; Gulf Oil Corp. v. United States Department of Energy*, 663 F.2d 296 (D.C.Cir.1981); *Phillips Petroleum Co. v. Federal Energy Administration*, 435 F.Supp. 1239 (D.C.Del.1977).

In the area of antidumping and countervailing duties, as in other areas involving the administration of the tariff laws, if a proper action arises under the Administrative Procedure Act or elsewhere, it is clear that this Court has subject matter jurisdiction under 28 U.S.C. § 1581(i) and may provide full powers of relief under 28 U.S.C. § 1585. *Sacilor, Acieres et Laminours de Lorraine, et al. v. United States*, 3 CIT ——, 542 F.Supp. 1020 (1982). The same considerations will govern violations of due process, such as are alleged here. Absent hardship, such claims must also normally await exhaustion of administrative remedies.

■ The federal defendants argue that injunctive relief is not available in the area of antidumping and countervailing duties other than in the specific provision for injunctive relief against the liquidation of entries during judicial review of certain final determinations. However, the Customs Courts Act of 1980 has so drastically altered and enlarged the powers of this Court that the former significance of a specification of the availability of injunctive relief cannot

be limiting. In the present context it represents simply a particularization of relief available in one important phase of judicial review. Presently, exclusions to the Court's powers are directly and unambiguously stated in 28 U.S.C. § 2643(c)(1).

This conforms to the basic congressional intention that there be a comprehensive system of judicial review by this Court in these areas and confirms the end to the confusion that formerly existed between this Court and the District Courts, particularly in matters requiring urgent relief. H.Rep. 96–1235, 96th Cong., 2d Sess. 19, 20, 47 (1980), U.S.Code Cong. & Admin.News 1980, p. 3729. In its parallel position to the District Courts, the jurisdiction of this Court within its assigned area of the law, is no less comprehensive and no less imbued with the principles of administrative law. This also best conforms to the Congressional recognition that there would be civil actions relating to antidumping and countervailing duty matters which were not specified in section 516A (19 U.S.C. § 1516a).

All this leads to the conclusion that the Court is empowered to offer complete relief in all actions within its jurisdiction except where particular forms of relief are explicitly barred. In this case however, the matter has not ripened to the point where judicial review is appropriate.

Considering the pervasiveness of this Court's judicial review and the legislative intention in creating a comprehensive scheme of judicial review, it is more accurate to characterize the failure of this action as due to the exercise of the Court's discretion not to entertain actions which are not ripe. It is not due to a congenital lack of jurisdiction over these matters. See *Matthews v. Dray*, 426 U.S. 67, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976). See also K. Davis, *Administrative Law Treatise* §§ 20.-00–20.00–1 (Suppl.1980).

In order not to give the mistaken impression that the Court's powers are somehow restricted or that its basic jurisdiction is enfeebled, it is best to describe those actions which fail in this manner, as deficient in terms of the characteristics required in or-

der for disputes to be entertained by courts within their normal areas of jurisdiction.

For the reasons discussed above, this action is hereby dismissed without prejudice.