**PISTACHIO GROUP OF the ASSOCIATION OF FOOD INDUSTRIES, INC., et al., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**California Pistachio Commission, et al., Defendant-Intervenors.**

No. 86–03–00369.

United States Court of International Trade.

June 26, 1986.

Harris & Berg, Herbert E. Harris, II and Cheryl Ellsworth, Washington, D.C., for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Dir., Dept. of Justice, Commercial Litigation Branch, Platte B. Moring, III, Washington, D.C., for defendant.

Fried, Frank, Harris, Shriver & Jacobson, David E. Birenbaum, Washington, D.C., for defendant-intervenors.

*Memorandum Opinion and Order*

DiCARLO, Judge.

Plaintiffs, importers of Iranian pistachios, challenge the determination of the United States Department of Commerce, International Trade Administration (Commerce) in *Certain In-Shell Pistachios From Iran: Final Determination of Sales at Less Than Fair Value,* 51 Fed. Reg. 18919 (May 23, 1986) and move for a preliminary injunction restraining the United States Customs Service (Customs) from requiring a cash deposit or bond equal to the estimated antidumping duty for all unliquidated entries filed for consumption on or after December 11, 1985.

No antidumping duty order has yet been issued, and plaintiffs invoke this Court's jurisdiction under 28 U.S.C. § 1581(i)(2) (1982). Since plaintiffs may challenge Commerce's determination under the provisions of Section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a (1982 & Supp. II 1984) and 28 U.S.C. § 1581(c) (1982) after the issuance of an antidumping duty order, and plaintiffs have not shown that avenue of relief to be manifestly inadequate, the action is dismissed.

## Background

In October, 1985 Commerce commenced an investigation of sales at less than fair value in the United States of pistachios imported from Iran. 50 Fed.Reg. 42978 (1985). On March 11, 1986, Commerce published its *Preliminary Determination of Sales at Less Than Fair Value; Certain In-Shell Pistachios From Iran,* 51 Fed. Reg. 8342 (1986), directing Customs to suspend liquidation of all entries of the merchandise. Commerce found that imports of the merchandise present "critical circumstances" under 19 U.S.C. § 1671b(e) (1982), and accordingly liquidation was also suspended for all unliquidated entries of the merchandise entered, or withdrawn from warehouse, for consumption on or after December 11, 1985. 51 Fed.Reg. at 8343. Commerce found the estimated dumping margin to be 192.54%, and directed Customs to require a cash deposit or bond equal to that amount for all entries subject to the suspension order.

On March 25, 1986 plaintiffs brought an action challenging Commerce's preliminary determination, and simultaneously moved for a preliminary injunction.

On April 16, 1986 defendant moved to dismiss the action for lack of jurisdiction. On May 5, 1986 the California Pistachio Commission and seven domestic producers and processors of pistachios were granted leave to intervene as defendants. Intervenors also move to dismiss the action.

Commerce published its final determination on May 23, 1986, finding a weighted-average dumping margin of 241.14%. *Certain In-Shell Pistachios From Iran; Final Determination of Sales at Less Than Fair Value,* 51 Fed.Reg. 18919 (1986). At oral argument on May 30, 1986, the Court denied defendant's motion to dismiss the action challenging the preliminary determination as moot, and granted plaintiffs' oral motion to amend the complaint to challenge Commerce's final determination.

The parties agree and the Court finds that the Court lacks jurisdiction over the action under 28 U.S.C. § 1581(c) since Commerce has not published a final antidumping duty order. The question presented is whether the Court properly may exercise jurisdiction under 28 U.S.C. § 1581(i) in an action challenging a final affirmative determination of sales at less than fair value before the publication of a final antidumping duty order where plaintiffs allege that (1) the posting of a cash deposit or bond equal to the estimated dumping margin will cause them irreparable injury and (2) the determination is "fundamentally flawed" since the dumping margin is solely attributable to an error in the exchange rate used in converting Iranian rials to United States dollars.

## Discussion

An action challenging a final affirmative determination of sales at less than fair value may be brought under 19 U.S.C. § 1516a(a)(2) (1982 & Supp. II 1984) and 28 U.S.C. § 1581(c) within 30 days after the publication in the Federal Register of a final antidumping duty order. Under the Trade and Tariff Act of 1984 [1984 Trade Act], Pub.L. No. 98–573, § 623(a), 98 Stat. 2948, 3040 (1984), parties may challenge less than fair value determinations only as provided under 19 U.S.C. § 1516a (1982 & Supp. II 1984).

A final antidumping duty order is published by Commerce only after the International Trade Commission (Commission) makes a final affirmative determination under section 1673d(b). *See* 19 U.S.C. 1673d(c)(2) (1982). In this case the Commission's final determination will be issued shortly, in accordance with 19 U.S.C. § 1673d(b)(2).

In addition to its jurisdiction under 28 U.S.C. § 1581(a)–(h), this Court has jurisdiction over all civil actions brought against the United States arising out of any law of the United States providing for "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 U.S.C. § 1581(i)(2). Section 1581(i) jurisdiction may not be exercised in circumvention of the jurisdictional scheme established by section 1581(a)–(h). *See United States v. Uniroyal, Inc.*, 69 CCPA 179, 183–84, 687 F.2d 467, 472 (1982); *Wear Me Apparel Co. v. United States*, 10 CIT ——, 636 F.Supp. 481, 483 (C.I.T.1986).

In *United States Cane Sugar Refiners' Ass'n v. Block*, 3 CIT 196, 544 F.Supp. 883, *aff'd*, 69 CCPA 172, 683 F.2d 399 (1982), this Court held that an action challenging a presidential proclamation imposing import quotas on sugar was properly brought under section 1581(i). The Court said that it would be unreasonable to require plaintiff to attempt to import over-quota sugar in order to obtain a protestable exclusion of the merchandise before seeking judicial review of the validity of the proclamation under section 1581(a). 3 CIT at 201, 544 F.Supp. at 886. On appeal, the Court of Appeals for the Federal Circuit upheld the Court's finding of jurisdiction under section 1581(i):

> Respecting jurisdiction under § 1581(i), we note the provision of injunctive powers to the Court of International Trade in the Customs Courts Act of 1980 and the special circumstances of this case which, absent that provision, would have required [plaintiff] to present its case to the District Court. We are persuaded that in this case, involving the potential for immediate injury and irreparable harm to an industry and a substantial impact on the national economy, the delay inherent in proceeding under § 1581(a) makes relief under that provision manifestly inadequate and, accordingly, the court has jurisdiction ın this case under § 1581(i).

683 F.2d at 402 n. 5.

In light of the opinion in *United States Cane Sugar Refiners' Ass'n*, the Court holds that in this case, where judicial review might be available under section 1581(c), the question presented is whether the remedy available to plaintiff under section 1581(c) would "involv[e] the potential for immediate injury and irreparable harm," making relief under that provision manifestly inadequate, and exercise of jurisdiction under section 1581(i) appropriate.

Plaintiffs contend that the cash or bond requirement imposed by Commerce's final determination constitutes the irreparable injury prerequisite to jurisdiction under section 1581(i) and to injunctive relief. Plaintiffs claim that if they cannot challenge Commerce's determination until after the International Trade Commission has made an affirmative injury determination and a final antidumping duty order is published, the prospective bond or deposit requirement will halt the importation of pistachios from Iran, which will cause them to suffer loss of market share and customers. Plaintiffs argue that judicial intervention into the ongoing administrative proceedings is particularly appropriate since the deposit or bond requirement is to be applied retroactively to entries made for consumption on or after December 11, 1985.

Plaintiffs did not seek a temporary restraining order, nor did they move for an expedited hearing or briefing schedule in this case. Only a short time remains before a final injury determination will be issued, which, if affirmative, will result in the publication of an antidumping duty order reviewable under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c). The claim of irreparable injury is supported by the affidavit of only one importer stating that one bonding company will not post a bond covering entries made between December 11, 1985 and March 11, 1986 unless the importer obtains a letter of credit. The importer states it cannot obtain the letter of credit and that without the cash or bond it will be compelled to reexport the entered merchandise at substantial cost and to cease its regular business of importing pistachios from Iran.

Plaintiffs' argument that the Court has jurisdiction in this situation under *Zenith Radio Corp. v. United States,* 710 F.2d 806 (Fed.Cir.1983), is misplaced. In *Zenith,* the Federal Circuit held that a domestic manufacturer was entitled to an injunction restraining the liquidation of entries which were the subject of a challenged review under section 751 of the Trade Agreements Act of 1979, current version at 19 U.S.C. § 1675 (1982 & Supp. II 1984). In its analysis of the criteria required for injunctive relief, the *Zenith* Court found plaintiff's injury was irreparable since the immediate liquidation of all of the entries occurring during the review period would "eliminate the only remedy available to Zenith for an incorrect review determination by depriving the trial court of the ability to assess [correct] dumping duties," thereby abrogating effective judicial review. 710 F.2d at 810.

In this case liquidation has been suspended and plaintiffs' challenge to Commerce's determination may be properly addressed in an action brought under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c).

Plaintiffs in this case seek to avoid the normal consequences of the antidumping laws. Once Commerce has published a preliminary affirmative determination of sales at less than fair value, 19 U.S.C. § 1673b(b) (1982), Commerce is required to order the suspension of liquidation of all subject entries and to order the posting of a cash deposit, bond, or other security equal to the estimated dumping margin. 19 U.S.C. § 1673b(d) (1982).

In *Krupp Stahl AG v. United States,* 553 F.Supp. 394 (1982), the Court refused to issue a preliminary injunction requiring Commerce to review information supplied by the plaintiff in an antidumping investigation before issuing its preliminary determination, which would set the amount of dumping duties on subsequent entries of the plaintiff's products. Plaintiffs rely on *Krupp Stahl* since the Court did "not rule out the possibility that administrative actions taken in the course of the administration of the antidumping and countervailing

duty laws may cause such hardships as would justify judicial review." *Id.* at 396.

The Court is persuaded that *Krupp Stahl* supports a finding in this case that plaintiffs have shown neither manifest inadequacy nor irreparable harm:

So far as can be seen in the present circumstances, the deposit of estimated duties will not cause a hardship of the type which justifies judicial intrusion into an ongoing administrative investigation (*Bethlehem Steel Corp. v. E.P.A.,* 669 F.2d 903 (3d Cir.1982). The effect on plaintiff is closer to the normal consequences of involvement in these investigations. Cf. *F.T.C. v. Standard Oil Co. of California,* 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980).

553 F.Supp. at 396.

The injury alleged by plaintiffs does not persuade the Court that the action must be entertained prior to the issuance of a final antidumping order. The Court holds that section 1581(i) jurisdiction is not available where the hardship alleged is that which is imposed by statute and an avenue for effective judicial relief is available under 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c).

Plaintiffs' argument regarding the merits of their claim is not germane to the jurisdictional inquiry. Plaintiffs claim that the dumping margin estimated by Commerce resulted solely from the Federal Reserve Bank's certification to Commerce of official Iranian exchange rates which do not represent the actual value of the Iranian currency. They argue that the rate used by the Federal Reserve Bank in converting Iranian rials to U.S. dollars is erroneous as a matter of law, and that the margin would have been zero if the actual value of the rial had been properly ascertained under the provisions of 31 U.S.C. § 5151(e).

A Commerce regulation states that "any necessary conversion of a foreign currency into its equivalent in United States currency shall be made in accordance with the provisions of section 522 of the Tariff Act of 1930, as amended [31 U.S.C. § 5151]." 19 C.F.R. § 356.56 (1985). Section 5151 sets forth the manner in which rates of

exchange are ascertained and certified by the Federal Reserve Bank of New York.

If and when, in an action brought under section 1581(c), the Court is called upon to review Commerce's finding of sales at less than fair value, the Court will examine the record to determine whether the exchange rate used by Commerce is supported by substantial evidence and in accordance with law. *See* 19 U.S.C. § 1516a(b)(1)(B) (1982). The Court's review will not be limited, as claimed by defendant, to determining whether Commerce followed its regulation. *See* 19 C.F.R. § 353.56 (1985). Although Commerce may reasonably publich a rule under which currencies are converted in accordance with the provisions of 31 U.S.C. § 5151 (1982), *see Melamine Chemicals, Inc. v. United States*, 732 F.2d 924 (Fed. Cir.1984), a reasonable delegation of agency responsibility does not divest the Court of its own statutorily mandated responsibilities.

### Conclusion

For the reasons stated above, the Court finds that plaintiffs have not shown the potential for immediate injury and irreparable harm which would render relief under section 1581(c) manifestly inadequate and justify the Court's exercise of jurisdiction under 28 U.S.C. § 1581(i)(2). Accordingly, the action is dismissed. So ordered.