Slip Op. 05-35

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE RICHARD W. GOLDBERG, SENIOR JUDGE

U.S. ASSOCIATION OF IMPORTERS
OF TEXTILES AND APPAREL,

               Plaintiff,

       v.

UNITED STATES, et al.,

              Defendants.

Court No. 04-00598

[Defendant's motion to dismiss denied in part and deferred in part.]

Date: March 18, 2005

Brenda Ann Jacobs, David J. Ludlow, and Sharon H. Yuan (Sidley, Austin, Brown & Wood, LLP) for plaintiff U.S. Association of Importers of Textiles and Apparel.

Stuart E. Schiffer, Deputy Assistant Attorney General, David M. Cohen, Director, Jeanne E. Davidson, Deputy Director, and Michael David Panzera, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; John Veroneau and Jason Kearns, Of Counsel, Office of the U.S. Trade Representative; Anne Talbot, Linda Chang, and Ada Bosque, Of Counsel, U.S. Department of Commerce; Howard M. Radzely, Katherine E. Bissell, and Tambra A. Leonard, Of Counsel, U.S. Department of Labor; William H. Taft, IV, Of Counsel, U.S. Department of State; Arnold I. Havens and John G. Murphy, Jr., Of Counsel, U.S. Department of the Treasury, for defendant United States.

<u>OPINION</u>

**GOLDBERG, Senior Judge:**   Before the Court is a Motion to Dismiss from defendant United States, dated December 15, 2004. Defendant requests that the Court dismiss the complaint filed by plaintiff U.S. Association of Importers of Textiles and Apparel seeking review of the decision by the Committee for the Implementation of Textile Agreements ("CITA") to accept so-called "threat-based" requests pursuant to its rules governing consideration of public requests for safeguards on Chinese textile and apparel imports (the "China Textile Safeguard Regulations").  <u>See Procedures for Considering Requests from the Public for Textile and Apparel Safeguard Actions on Imports from China</u>, 68 Fed. Reg. 27787 (May 21, 2003).  In <u>U.S. Ass'n of Importers of Textiles & Apparel v. United States</u>, 28 CIT ___, Slip Op. 04-162 (Dec. 30, 2004), <u>appeal docketed</u>, No. 05-1209 (Fed. Cir. Feb. 2, 2005), familiarity with which is presumed, the Court granted a preliminary injunction in this case and reserved judgment on defendant's Motion to Dismiss until full briefing on the issues raised therein was completed.  On January 19, 2005, plaintiff timely filed its Response to Defendant's Motion to Dismiss and, on February 7, 2005, defendant timely filed its Reply to Plaintiff's Response to Defendant's Motion to Dismiss.  The motion is now appropriately before the Court.

For the reasons stated below, defendant's Motion to Dismiss is denied in part and deferred in part.

## Discussion

**I.   The Court Has Jurisdiction Over Plaintiff's Claims.**

28 U.S.C. § 1581(i)(3) provides that this Court "shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for -- . . . (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety[.]"  The Court of Appeals for the Federal Circuit and this Court have repeatedly held that challenges to CITA's actions may properly trigger § 1581(i) jurisdiction in certain circumstances.  See Am. Ass'n of Exps. & Imps.-Textile & Apparel Group v. United States, 751 F.2d 1239, 1244-46 (Fed. Cir. 1985) ("AAEI-TAG II") (holding that this Court has jurisdiction pursuant to § 1581(i) to consider claims involving CITA's administration of quotas); Fieldston Clothes, Inc. v. United States, 19 CIT 1181, 1185, 903 F. Supp. 72, 76-77 (1995) (holding that this Court has jurisdiction pursuant to § 1581(i) to consider claims involving CITA's administration of quotas); Mast Indus., Inc. v. Regan, 8 CIT 214, 220-21, 596 F. Supp. 1567, 1573-74 (1984) (finding § 1581(i) jurisdiction over a challenge to Customs regulations restricting importation of textiles, which CITA directed be issued).

Although defendant conceded at the preliminary injunction hearing that this Court generally has subject matter

jurisdiction over challenges to CITA's actions,[1] defendant

protests the attachment of that jurisdiction to this particular

case on two grounds: (A) plaintiff's claims are not ripe for

review; and (B) plaintiff has not exhausted its administrative

remedies.[2]  For the reasons discussed below, the Court finds that

these arguments are without merit.

_____

[1] Specifically, defendant stated:

> THE COURT:  Well, then the Government concedes that for
> subject matter jurisdiction that we do have jurisdiction
> under 1581(i)(3).

> MR. PANZERA:  I3 [sic] and Mast has held that specifically
> that there is jurisdiction in such cases.

Prelim. Inj. Hr'g Tr. at 2-3.

[2] In its reply brief, defendant also raised the argument that
this Court "is not an appropriate forum in which to contest
regulations adopted pursuant to [the Freedom of Information Act
("FOIA")] because, pursuant to § 552(a)(4)(B), only district
courts have the power to review FOIA claims."  Defendant's Reply
to Plaintiff's Opposition to Defendant's Motion to Dismiss at 6.
This belated jurisdictional argument, which relates to Count III
of plaintiff's complaint, is utterly specious.  The FOIA section
cited by defendant vests jurisdiction in district courts "to
enjoin the agency from withholding agency records and to order
the production of any agency records improperly withheld from
the complainant."  5 U.S.C. § 552(a)(4)(B).  Plaintiff's
complaint does not allege that CITA withheld agency records in
response to a public request made pursuant to FOIA § 552(a)(3);
rather, plaintiff alleges that CITA failed to publish
regulations as required by FOIA §§ 552(a)(1)-(2).  This Court
has previously asserted jurisdiction under 28 U.S.C. § 1581(i)
to consider claims implicating the affirmative publication
provisions of FOIA and, consistent with that precedent, will do
so again here.  See Candle Artisans, Inc. v. U.S.I.T.C., 29 CIT
___, ___, Slip Op. 05-17 at 9-14 (Feb. 7, 2005); Cathedral
Candle Co. v. U.S.I.T.C., 27 CIT ___, ___, 285 F. Supp. 2d 1371,
1378-80 (2003), aff'd, Slip Op. 04-1083, 2005 U.S. App. LEXIS
3910 (Fed. Cir. Mar. 9, 2005).  The FOIA section and case law
cited by defendant are simply not applicable to this case.

### A.   Plaintiff's Claims Are Ripe for Review.

Defendant argues that plaintiff's claims are not ripe for review because CITA has "merely agreed to consider, and to invite public comments upon, various requests for safeguard action with respect to textile or apparel imports from China." Defendant's Motion to Dismiss and Opposition to Plaintiff's Motion for a Preliminary Injunction ("Def.'s Motion") at 14. Defendant argues that plaintiff's claims will become ripe only if CITA decides to impose safeguard measures pursuant to threat-based requests, at which time a final decision will issue that may be properly protested to this Court.  Id. at 15, 26.

All cases are subject to the ripeness requirement of Article III of the U.S. Constitution, which bars judicial review of non-final and interlocutory actions.  U.S. Const. art. III, § 2, cl. 1.  In determining whether a claim is ripe for judicial review, the Supreme Court has fashioned a two-part test for U.S. courts to apply: (1) determine whether the issues tendered are appropriate for judicial resolution and (2) assess the hardship to the parties if judicial relief is denied at this stage. Toilet Goods Ass'n, Inc. v. Gardner, 387 U.S. 158, 162 (1967). The Court finds that both prongs are satisfied in this case.

First, plaintiff's claims concerning the jurisdictional and procedural propriety of CITA's acceptance of threat-based requests are appropriate for judicial resolution at this time. As a general proposition, it is true that a matter is not ripe

for judicial review "[w]here administrative proceedings are in process, and the agency has not adopted a final decision[.]" Special Commodity Group on Non-Rubber Footwear from Brazil v. United States, 6 CIT 264, 269, 575 F. Supp. 1288, 1293 (1983). However, CITA's final substantive decision is not, and indeed could not be, at issue in this case.  This Court has held that CITA's substantive decision to impose import restrictions pursuant to an appropriate exercise of validly delegated authority is nonjusticiable.  See Am. Ass'n of Exps. & Imps.-Textile & Apparel Group v. United States, 7 CIT 79, 87, 583 F. Supp. 591, 599 (1984) ("AAEI-TAG I") (holding that CITA's decision to impose restrictions on textile imports and request consultations with foreign governments concerning such restrictions was beyond judicial review), aff'd, AAEI-TAG II, 751 F.2d 1239 (Fed. Cir. 1985).  Rather, the Court's review is limited to a consideration of whether CITA, in making a substantive decision, has (1) exceeded its delegated authority or (2) failed to conform to relevant procedural requirements. Mast, 8 CIT at 224, 596 F. Supp. at 1577; see also Motion Sys. Corp. v. Bush, 28 CIT ___, ___, 342 F. Supp. 2d 1247, 1256-57 (2004) (finding procedural predicates to final presidential action suitable for judicial review under § 1581(i) jurisdiction).

     Applying that precedent to this case, it is clear that

plaintiff's claims, and the injury suffered in connection therewith, are properly focused solely on questions of (1) <u>ultra vires</u> agency action and (2) procedural regularity. From this perspective, CITA has already taken final agency actions suitable for judicial review: (1) CITA's decision to administer China's accession agreement to the World Trade Organization ("China's Accession Agreement") as a textile agreement within its delegated authority and (2) CITA's decision to accept threat-based requests to impose safeguards pursuant to the China Textile Safeguard Regulations. These procedural predicates to any substantive decision by CITA to actually impose safeguards on Chinese textile imports are independently reviewable by this Court. Plaintiff's claims, which challenge only CITA's procedural actions, are therefore appropriate for judicial resolution at this time.

Second, plaintiff will suffer more serious hardship if judicial relief is denied at this stage in CITA's proceedings than defendant will experience if judicial relief is granted. This Court has already found that plaintiff has suffered and, absent a preliminary injunction, would continue to suffer irreparable harm as a result of CITA's acceptance of threat-based requests. <u>U.S. Ass'n of Importers of Textiles & Apparel</u>, 28 CIT at___, Slip Op. 04-162 at 10-14. The Court remains unconvinced that defendant will suffer any significant cognizable harm if judicial resolution is pursued at this stage

in CITA's proceedings.  While this case is pending, defendant still has the ability to fully administer the China Textile Safeguard Regulations with regard to safeguard requests based on actual market disruption.[3]  In addition, defendant has the ability, through the U.S. Congress, to clarify the authority delegated to CITA pursuant to the terms of China's Accession Agreement.  Indeed, Congress has already chosen to expressly delegate other aspects of China's Accession Agreement to the U.S. International Trade Commission.  See 19 U.S.C. § 2451.  In light of these options, defendant has failed to show how it would be adversely affected by judicial resolution at this stage of CITA's proceedings.

### B.    Plaintiff's Claims Are Not Barred by the Exhaustion Doctrine.

Pursuant to 28 U.S.C. § 2637(d), the Court "shall, where appropriate, require the exhaustion of administrative remedies" in actions brought pursuant to § 1581(i). (Emphasis added.) Defendant argues that plaintiff has not yet exhausted its administrative remedies because plaintiff must first fully

---

[3] Further, defendant has the ability to publish, in the Federal Register, a formal amendment to the China Textile Safeguard Regulations expanding their scope to include threat-based requests.  Although the Court does not comment on the propriety of such action in light of the scope of the instant proceedings, the Court notes that if defendant had only chosen to formally amend its regulations – a fully reasonable action given defendant's earlier publication of a formal clarification of those same regulations – plaintiff may have been dissuaded from initiating this case altogether.

participate in the 30-day comment period for each threat-based request accepted by CITA before plaintiff can protest CITA's acceptance of these requests.  Def.'s Motion at 30.  Defendant claims that the exhaustion requirement would be appropriate here "to enable CITA to consider any information or comments USA-ITA and other interested parties might have before determining whether to impose safeguards."  Id. at 29.

The Court finds that this argument is wholly without merit. As discussed above, this case is simply not about CITA's non-reviewable substantive decisions concerning the imposition of safeguards.  Plaintiff challenges the existence of CITA's regulations and CITA's actions pursuant thereto.  The Federal Circuit has held that such regulatory challenges do not require the exhaustion of administrative remedies.  See AAEI-TAG II, 751 F.2d at 1245-46 (not requiring exhaustion under protest procedures where importers challenged existence of CITA-directed regulations imposing import restrictions); see also Fieldston Clothes, 19 CIT at 1185, 903 F. Supp. at 76-77 (finding question of CITA's ultra vires actions ripe for judicial review absent final agency action).

Further, even if exhaustion were appropriate, the Court routinely asserts jurisdiction prior to exhaustion where delay would be prejudicial to the plaintiff.  See Fieldston Clothes, 19 CIT at 1184-86, 903 F. Supp. at 76-77 (excusing potential exhaustion requirement where quota category was nearly full and

delay was prejudicial to plaintiff); B-West Imports, Inc. v. United States, 19 CIT 303, 306-08, 880 F. Supp. 853, 858-59 (1995) (rejecting exhaustion requirement where time frame for agency deliberation was uncertain and delay was prejudicial to plaintiff), aff'd, 75 F.3d 633 (Fed. Cir. 1996); Mast, 8 CIT at 221, 596 F. Supp. at 1573-74 (rejecting exhaustion requirement where regulations created import embargo prejudicial to plaintiff and administrative remedy provided "manifestly inadequate" relief).  Here, the only available administrative "remedy" – CITA's comment period for each threat-based request – affords illusory relief.  Defendant cannot seriously argue that requiring full participation in CITA's administrative proceeding, the very legitimacy of which is at issue in this case, is an appropriate application of the exhaustion doctrine.[4] Further, plaintiff has already demonstrated a threat of irreparable harm sufficient to warrant imposition of preliminary injunctive relief.  U.S. Ass'n of Importers of Textiles and Apparel, 28 CIT at ___, Slip Op. 04-162 at 10-14.  Because the available administrative remedy provides manifestly inadequate relief and plaintiff would be prejudiced by delayed judicial review, waiver of the exhaustion requirement is appropriate in this case.

---

[4] Nevertheless, the Court notes that plaintiff represents that it has participated in each of the relevant comment periods made available to it prior to the issuance of the Court's preliminary injunction order.  Plaintiff's Opposition to Defendant's Motion to Dismiss at 10.

**II.  The Court Defers Judgment of Whether Plaintiff's Complaint
      States Claims for Which Relief May Be Granted.**

The Court, in its sound discretion pursuant to USCIT Rule 12(d), deems it proper and in the interest of justice to defer its determination of the portion of defendant's Motion to Dismiss pertaining to plaintiff's alleged failure to state claims for which relief may be granted.  The Court has determined that it would benefit from more fulsome development, by both parties, of the evidence and legal arguments squarely concerning the issues presented in this case either at a trial on the merits or, if more appropriate, in the parties' motions for summary judgment.

## Conclusion

For the foregoing reasons, the Court denies defendant's Motion to Dismiss with respect to the jurisdictional issues and defers ruling on the Motion with respect to the substantive claims.  A separate order will be issued accordingly.



/s/ Richard W. Goldberg

**Richard W. Goldberg
Senior Judge**


Date:     **March 18, 2005
          New York, New York**

**ERRATUM**


<u>U.S. Association of Importers of Textiles and Apparel v. United States, et al.</u>, Court No. 04-598, Slip Op. 05-35, dated March 18, 2005.

On page 11, replace "The Court has determined that it would benefit from more fulsome development, by both parties, of the evidence and legal arguments squarely concerning the issues presented in this case either at a trial on the merits or, if more appropriate, in the parties' motions for summary judgment." with "The Court has determined that it would benefit from fuller development, by both parties, of the evidence and legal arguments squarely concerning the issues presented in this case either at a trial on the merits or, if more appropriate, in the parties' motions for summary judgment."

March 22, 2005.